3:25-mc-127-MOC

FILED
CHARLOTTE, NC

OCT - 6 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

**UNITED STATES DISTRICT COURT** Western District of North Carolina
Lars Koivukangas, Petitioner, v. **United States of America, Internal Revenue Service, and Wells Fargo,** Respondents.
Case No. [N/A]
**PETITION TO QUASH THIRD-PARTY SUMMONS**

**COMES NOW** the Petitioner, Lars Koivukangas, pursuant to 26 U.S.C. § 7609(b)(2), and respectfully petitions this Court to quash the third-party summons issued by the Internal Revenue Service to Wells Fargo., located in Charlotte, North Carolina, and in support thereof states as follows:

1. **Jurisdiction and Venue** This Court has jurisdiction pursuant to 26 U.S.C. § 7609(h)(1). Venue is proper in this district because Wells Fargo, the recipient of the summons, resides or is found within the Western District of North Carolina.
2. **Parties**
- Petitioner is a taxpayer who received notice of the summons under 26 U.S.C. § 7609(a).
- Respondent is the United States of America, acting through the Internal Revenue Service.
- Wells Fargo is the third party to whom the summons was issued.
3. **Background** On or about September 30, 2025, Petitioner received notice that the IRS had issued a third-party summons to Wells Fargo., seeking the following records:
4. Account opening documents
5. Signature cards
6. Know Your Customer (KYC) records
7. Authorized user lists
8. All statements, checks, and payment information
9. Safe deposit box records
10. **Grounds for Quashing the Summons** The summons should be quashed because:
- Petitioner respectfully submits that the IRS summons should be quashed for the following reasons:
- 1. Lack of Jurisdiction and Legal Nexus
- Finland has no jurisdiction or legal nexus to Petitioner, who is a U.S. citizen and permanent resident, domiciled and employed in the United States.
- Petitioner has permanently departed Finland, with no intent to return. Finland already possesses prior records and has no legal basis to hold Petitioner accountable for any Finnish income tax beyond the records they already received, some unlawfully violating the petitioner's rights
- Petitioner has:
- No personal residence, rental property, or housing real estate holdings in Finland
- No income derived from Finnish sources
- No business, employment, or personal economic activity in Finland
- No personal investments in Finland
- Petitioner doesn't even have a valid residence permit or legal status that would subject him to Finnish jurisdiction! Petitioner can't even go to Europe beyond a tourist visa without said legal residency
- 2. Improper Use of IRS Summons Authority
- The IRS summons appears to be issued at the behest of a foreign government, seeking:
- Credit & Bank card account opening documents
- Signature cards
- KYC records
- Authorized user lists
- All statements, checks, and payment information
- Safe deposit box records

- This request is over-broad, intrusive, and unrelated to any legitimate U.S. tax investigation, and petitioner clearly falls under US jurisdiction beyond the time that Finland already received documents for
- The summons is being used as a proxy for foreign civil or criminal enforcement, which is not a lawful purpose under 26 U.S.C. § 7602.
- 3. Violation of Constitutional Rights
- The summons seeks highly sensitive financial data without:
- Notice or opportunity to contest in the foreign jurisdiction
- Any showing of relevance or necessity
- Compliance with U.S. due process standards
- Petitioner's Fourth and Fifth Amendment rights are implicated by this extraterritorial fishing expedition.
- 4. No Ongoing Relationship with Finland
- Petitioner has taken no steps to maintain residency, domicile, or legal ties to Finland beyond the documents they already received..
- The foreign government's request appears to rely solely on the presence of Petitioner's spouse and children in Finland, individuals over whom Petitioner exercises no legal control or ultimately any say in the spouse's independent life.
- Petitioner cannot be held hostage to the decisions of others, nor should his U.S.-based financial records be exposed simply because third parties reside abroad. Such reasoning is legally unsound and ethically unjust.
- Petitioner's departure from Finland was final and unequivocal, and no actions have been taken to maintain legal, economic, or personal ties to that jurisdiction.
- 5. Prior Unlawful Requests and Treaty Limitations
- Finland has already received records from prior requests from 2023, some of which were unlawfully obtained and remain disputed.
- These requests included periods during which Petitioner was already a U.S. citizen and resident, living, working, and maintaining economic and social ties exclusively in the United States.
- Petitioner acknowledges that the current summons may have been issued pursuant to Article 26 of the U.S.–Finland Income Tax Convention, which permits the exchange of information between tax authorities for enforcement purposes.
- However, this treaty provision:
- Does not override U.S. constitutional protections
- Does not authorize the IRS to act as a conduit for foreign fishing expeditions
- Requires that any request be specific, relevant, and proportionate to a legitimate tax inquiry
- In this case, the request is over-broad, intrusive, and untethered to any lawful purpose, particularly given that Petitioner:
- Is a U.S. citizen and resident with no income, assets, or legal ties to Finland
- Has permanently departed Finland, with no intent to return, prior to the period they already received documents for
- Exercises no control or financial responsibility over individuals residing in Finland
- Has already provided records in prior requests, some of which remain disputed and unlawful
- The treaty does not permit Finland to circumvent U.S. due process or compel disclosure of sensitive financial records from a U.S. resident who is outside its jurisdiction.
- 6. Supporting Case Law
- United States v. Powell, 379 U.S. 48 (1964) — outlines the limits of IRS summons power
- Davidson v. United States, 149 F.3d 1190 (10th Cir. 1998) — discusses improper use of summons for foreign enforcement
-

- 7. Tax Residency and Overreach
- Petitioner acknowledges that tax residency under Finnish law can be nuanced, particularly in cases involving family ties or prior residence. However, in this case, the overwhelming weight of evidence supports Petitioner's exclusive U.S. residency and tax status. Petitioner has permanently departed Finland, maintains no legal, economic, or residential ties to that jurisdiction, and has taken no steps to preserve Finnish residency or tax obligations. Petitioner's status as a U.S. citizen and permanent resident is clear and uncontested.
- The only tenuous link to Finland arises from the independent choices of Petitioner's spouse, who resides there with the children. Petitioner exercises no legal custody, financial responsibility, or control over those individuals within Finland. These facts do not establish jurisdiction, nor do they justify Finland's continued overzealous and aggressive tactics in pursuing sensitive U.S.-based financial records.
- To allow such a summons to proceed would set a dangerous precedent — permitting foreign governments to exploit family connections to override constitutional protections and U.S. sovereignty. The request is disproportionate, intrusive, and legally unsound, and must be quashed. Petitioner respectfully urges this Court to recognize the lack of jurisdiction and the improper purpose underlying the summons, and to quash it in its entirety.
- **Relief Requested**
- Petitioner respectfully requests that this Court:
- Quash the third-party summons issued to Wells Fargo in its entirety;
- Declare the summons unenforceable due to lack of jurisdiction, improper purpose, and violations of Petitioner's constitutional rights;
- Bar the Internal Revenue Service from disclosing Petitioner's financial records to any foreign entity;
- Award costs and reasonable attorney's fees incurred in bringing this petition;
- Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**
Lars Koivukangas:  514 America's Way unit 20460, Box Elder South Dakota
480-440-1234
lars_koi@yahoo.com
**Date:** 10-3-2025

CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, I served a copy of the Petition to Quash Third-Party Summons and supporting documents upon the following parties by certified mail:

1. Internal Revenue Service
   Aja J. Colon, International Tax Law Specialist
   LBI, Exchange of Information,
   E02 329 Oak Street
   Gainesville, GA 30501

2. Wells Fargo Legal Order Processing Center East
PO Box 1415, MAC: D1111-016
Charlotte, NC 28201

Executed on October 3, 2025.

Lars Koivukangas (signature below)

514 America's Way Unit 20460,
Box Elder SD, 57719